UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **MICKEY WAYNE ANTLEY** | **CIVIL ACTION NO. 3:14-cv-3307** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **DEPUTY SLADE DARDEN, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT RECOMMENDING DISMISSAL OF SOME BUT NOT ALL CLAIMS

Pro se plaintiff Mickey Wayne Antley, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on November 19, 2014. When he filed this complaint, plaintiff was prisoner in the custody of the Sheriff of Union Parish incarcerated in the Union Parish Detention Center; he was subsequently convicted of various offenses and is now incarcerated in the Claiborne Parish Detention Center. Plaintiff sued Union Parish Sheriff Dusty Gates and his Deputies, Slade Darden, Sgt. Brown, Ken Slocum, Trey Tull, and, Chris Echols, and Third Judicial District Court Judge Jay McCallum. He complained that he was the victim of excessive force and an illegal search and seizure arising out of his April 4, 2014, arrest on various charges.

Plaintiff seeks punitive damages of $5 million. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Background*

Plaintiff was arrested by Union Parish Sheriff's Deputies in the early morning hours of

April 4, 2014. Plaintiff claims that these deputies used excessive force against him resulting in various injuries. He also claims that they violated his Fourth Amendment rights when they obtained a blood sample from him without a valid warrant. He also claims that Judge McCallum colluded with their illegal search by issuing a warrant after the fact.

      According to the officers' arrest reports, plaintiff was the driver of a motor vehicle. When he failed to signal a turn, the officer attempted to pull plaintiff over but he refused and a chase ensued during which plaintiff's vehicle "traveled in both lanes of travel on numerous occasions and reached speeds in excess of 75 MPH in a 35 MPH zone." After a pursuit of several miles that lasted more than 20 minutes, the officers were able to force plaintiff to stop his vehicle.  As officers approached, plaintiff accelerated his vehicle and collided with two patrol cars.

      Plaintiff was ordered to exit his vehicle but he refused and began kicking the officer. He was eventually removed from the vehicle along with his companion and both were placed under arrest.  A search of the vehicle uncovered a syringe and an open can of beer. Plaintiff submitted to a chemical breath test. The results indicated no blood alcohol; however, plaintiff's companion told officers that plaintiff had ingested methamphetamines and they asked him to submit to a blood test. When he refused consent, the officers obtained a warrant from Judge McCallum. Plaintiff was transported to a nearby hospital for the blood test but he refused to exit the vehicle. He was eventually removed but he attempted to pull away from the officers, dropped his body weight, and jerked his arms until the officer gained compliance by use of his Tazer. Blood was eventually obtained; however, it is unclear what the results were.

      He was then returned to jail and charged with 3 counts of aggravated assault with a motor vehicle on an officer, 3 counts of battery on a police officer, 2 counts of aggravated criminal

damage to property, 1 count of possession of drug paraphernailia, 1 count of aggravated flight from an officer and 2 counts of resisting arrest by force.[1] It is noted, however, that plaintiff was not charged with driving under the influence of drugs or alcohol. Judge McCallum found sufficient probable cause to order him held over on all charges and set bond.

On September 3, 2014, plaintiff entered into a plea and case termination agreement. He pled guilt to 2 counts of aggravated criminal damage to property and 1 count of aggravated flight from an officer. The remaining charges were apparently disposed of pursuant to the plea agreement. On November 5, 2014, plaintiff was sentenced to imprisonment at hard labor for 5 years and a fine of $1000 on the convictions for aggravated criminal damage to property; on the charge of aggravated flight from an officer he was sentenced to pay a fine of $1000 and imprisonment at hard labor for 2 years. The sentences were ordered to be served concurrently with the jail sentences previously imposed and concurrent with each other.

## *Law and Analysis*

### *1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to

---

[1] Aggravated assault with a motor vehicle upon a peace officer (La. R.S.14:37.6) is punishable by a fine of not more than $5000 and imprisonment with or without hard labor for not less than 1 year nor more than 10 years or both; battery on a police officer (La. R.S.14:34.2) is a misdemeanor punishable by a fine of not more than $500 and imprisonment for not less than 15 days nor more than 6 months without benefit of suspension of sentence; aggravated criminal damage to property (La. R.S.14:55) is punishable by a fine of not more than $10,000 and imprisonment with or without hard labor for not less than 1 nor more than 15 years; aggravated flight from an officer (La. R.S.14:108.1) is punishable by imprisonment at hard labor for not more than 5 years and a fine of not more than $2000; resisting an officer with force or violence (La. R.S.14:108.2) is punishable by a fine of not more than $2000 or imprisonment with or without hard labor for not less than 1 year nor more than 3 years or both.

preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## 2. Immunity

Plaintiff claims that he is entitled to damages from Judge McCallum. Plaintiff's claims against Judge McCallum should be denied on the basis of judicial immunity. It is well settled that "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994);  *Krueger v. Reimer,* 66 F.3d 75, 76-77 (5th Cir.1995) (*per curiam*); *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir.1993), abrogated on other grounds by *Arvie v. Broussard*, 42 F.3d 249 (5th Cir.1994). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S.Ct. 1099, 1106, 55 L.Ed.2d 331 (1978); *Brandley v.*

*Keeshan*, 64 F.3d 196, 200-201 (5th Cir.1995), *cert. denied*, 516 U.S. 1129 (1996). Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).

Judicial immunity can only be defeated by showing that the judge's actions were of a non-judicial nature or that he acted in the complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991). Plaintiff sues the judge for acts that arose out of his normal judicial function and he is thus entitled to absolute judicial immunity. In short, plaintiff's claims against Judge McCallum must be dismissed.

*3. Supervisory Liability*

Plaintiff sued Unition Parish Sheriff Dusty Gates in his supervisory capacity. [See Doc. 1, ¶IV] However, "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983). In other words, to the extent that plaintiff seeks to name Sheriff Gates as a defendant, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by that defendant. This he has not done, and therefore his claims against Sheriff Gates must also be dismissed.

*4. Excessive Force and Illegal Search*

Plaintiff's claims for relief against the remaining defendants – Deputies Darden, Brown, Slocum, Tull, and Echols, remain viable and service of process with regard to these defendants has been ordered in a Memorandum Order issued this day.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint against **JUDGE McCALLUM** be **DISMISSED WITH PREJUDICE** for seeking money damages from a defendant who is immune from suit pursuant to the provisions of 28 U.S.C. § 1915(e)(2); and,

**IT IS FURTHER RECOMMENDED** that plaintiff's civil rights complaint against **SHERIFF DUSTY GATES** be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

*See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, March 11, 2015.

												_____
												**KAREN L. HAYES**
												**UNITED STATES MAGISTRATE JUDGE**