UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **MICKEY WAYNE ANTLEY** | * | CIVIL ACTION NO.  14-3307 |
| | | SEC. P. |
| **VERSUS** | * | JUDGE ROBERT G. JAMES |
| **DEPUTY SLADE DARDEN, ET AL.** | * | MAG. JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court pursuant to 28 U.S.C. § 636(b)(1)(B), is a motion for summary judgment [doc. # 33] filed by pro se plaintiff Mickey Wayne Antley. For reasons detailed below, it is recommended that the motion for summary judgment be DENIED.

### Background

On November 19, 2014, Mickey Wayne Antley filed the instant pro se civil rights complaint under 42 U.S.C. § 1983. [doc. # 1]. When he filed this complaint, Plaintiff was a prisoner in the custody of the Sheriff of Union Parish incarcerated in the Union Parish Detention Center; he was subsequently convicted of various offenses and is now incarcerated in the Richwood Correctional Center. *Id.* at 3; [doc. # 25]. Plaintiff sued Union Parish Sheriff's Deputies Slade Darden, Sgt. Brown, Ken Slocum, Trey Tull, and Chris Echols.[1] [doc. # 1, p. 3].

Plaintiff was arrested by Union Parish Sheriff's Deputies in the early morning hours of April 4, 2014. *Id.* He claims that the Deputies used excessive force against him, resulting in various injuries. *Id.* He also claims that they violated his Fourth Amendment rights when they

---

[1] Plaintiff also sued Union Parish Sheriff Dusty Gates and Third Judicial District Court Judge Jay McCallum, however the claims against Sheriff Gates and Judge McCallum have been dismissed. [doc. # 14].

obtained a blood sample from him without a valid warrant. *Id.* at 6.

As a result of the encounter, Antley alleges that he is still suffering from pain, permanent scar tissue damage in his facial area, headaches, blurred vision, dizzy spells, loss of a tooth, occasional numbness in his extremities and difficulty sitting comfortably. [doc. # 1, p. 21-22]. Antley seeks compensatory and punitive damages in the amount of $5 million. [doc. # 1, p. 4]. On January 29, 2016, Plaintiff filed the instant motion for summary judgment. [doc. # 33]. Defendants filed a memorandum in opposition on February 22, 2016. [doc. # 36]. The matter is now ripe.

## Analysis

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-

2

movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id*.

In evaluating the evidence tendered by the parties, the court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. "The court *need* consider only the cited materials, but it *may* consider other materials in the record." FED. R. CIV. P. 56(c)(3) (emphasis added). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). There can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

When a movant bears the burden of proof on an issue, it must establish "beyond peradventure[2] all of the essential elements of the claim . . . to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986); *see Richmond Capital Corp. v. Federal Express Corp.*, 29 F. Supp. 2d 737, 738 (M.D. La. 1998) (a movant who bears the burden of proof at trial must submit evidence to establish every essential element of the claim for relief). In other words, the movant must affirmatively establish its right to prevail as a matter of law. *Universal Sav. Ass'n v. McConnell*, 1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

From what the court may discern, Plaintiff contends that 1) he should not be required to exhaust available administrative remedies; 2) any argument made by Defendants that he failed to

---

[2] I.e., beyond doubt.

mitigate his damages is without merit; 3) Defendants are not entitled to statutory limitations of liability; 4) and Plaintiff's complaint fully outlines each of Defendants' violations of Plaintiff's constitutional rights. [doc. # 33, p. 1-2].

Here, Plaintiff bears the ultimate burden of proof at trial on his claims. Thus, to be entitled to summary judgment, Plaintiff must present evidentiary materials which establish each element of his claims for relief. *Fontenot*, 780 F.2d at 1194. Plaintiff has not done so. Although plaintiff has made allegations that Defendants have violated his constitutional rights, he has not presented evidence which affirmatively establishes each element of the claims he raises in his complaint. Rather, Plaintiff's motion is premised on Defendants' alleged failure to file any valid defenses to Plaintiff's claims. Because Plaintiff bears the ultimate burden of proof at trial, however, this alleged failure is insufficient to entitle Plaintiff to summary judgment on his claims.

Additionally, the representations made in Plaintiff's motion for summary judgment and complaint are neither sworn, nor made under penalty of perjury.[3] It is manifest that unsworn statements do not suffice to create disputed issues of material fact which justify a trial. *Oglesby v. Terminal Transp. Co., Inc.*, 543 F.2d 1111, 1112 (5th Cir. 1976); *see also Teixeira v. Gregg Cnty. Jail*, 74 F. App'x 388, 389 (5th Cir. 2003) (inmate's unsubstantiated assertion that he filed an administrative appeal is insufficient to sustain his evidentiary burden under Rule 56) (citation omitted). Plaintiff has merely made unsworn representations that Defendants are not entitled to

---

[3] Federal law permits unsworn declarations to substitute for an affiant's oath if the statements contained therein are made "under penalty of perjury" and verified as "true and correct." *See Ion v. Chevron USA, Inc.*, 731 F.3d 379, 382 n.2 (5th Cir. 2013) (citing 28 U.S.C. § 1746).

certain defenses without any supporting evidence. Under these circumstances, the Court should deny plaintiff Antley's motion for summary judgment.

## Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that Plaintiff's motion for summary judgment [doc. # 33] be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 30th day of March 2016.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE